Civilian pay; administrative decision; substantial evidence; propriety of procedures followed; penalty of dismissal v. offense; scope of review. — On July 18, 1980 the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Smith, Judges.
*755 In this civilian personnel case, before the court on cross-motions for summary judgment, the plaintiff challenges on substantive and procedural grounds his dismissal from the Federal Aviation Administration (FAA). After considering the briefs and hearing oral argument, we sustain the dismissal.
I.
In the fall of 1977, the plaintiff was employed by the FAA as an electronics technician in Scurry, Texas. He was responsible for the maintenance there of the Tactical Aid to Navigation (TACAN). This is a complex piece of automatic safety equipment that gives aircraft passing through its area their bearing in relation to and their distance from the equipment. The plaintiff was certified for TACAN work in 1971 after he had completed a 6-month electronics training course the FAA gave.
In October 1977, the plaintiff was given a notice of his proposed removal from his position. The notice gave two reasons. Reason 1 was the plaintiffs "Failure to carry out your duties and responsibilities in maintaining the Scurry . . . (TACAN) in a safe condition.” There were two specifications under this reason. Specification 1 charged that the plaintiff had soldered wires, known as jumpers, on the remote alarm relays on the TACAN, thereby preventing the operation of a remote alarm system and the shutting down of the TACAN if the latter was not functioning properly. Specification 2 alleged that a "comprehensive facility inspection” of the TACAN in March 1977 "disclosed that seven key performance parameters of the TACAN were either out of tolerance or would not cause an alarm.” The specification described each of the seven defects. For example, item 4 was that "the six-second alarms were found at 12 seconds, and they should have been at six seconds.”
Reason 2 was the plaintiffs "Failure to maintain adequate technical knowledge of TACAN equipment as evidenced by your failure of the TACAN certification concepts examinations.” The two specifications under this reason stated that twice in August 1977 plaintiff had taken the *756 examination, on which 70 was the passing grade, and had made grades of 39 and 58.
As the notice of proposed removal permitted, the plaintiff examined the five written documents upon which the proposed removal was based, and filed a nine-page single-spaced typewritten reply which discussed and gave the plaintiffs answer to each of the reasons and specifications. The plaintiff did not make an oral reply to the charges, which the notice stated he had the right to do.
After considering plaintiffs reply, the FAA found that the reasons and the specifications "are fully supported by the evidence and warrant your removal to promote the efficiency of the service,” and removed the plaintiff.
Plaintiff appealed to the Federal Employee Appeals Authority of the Civil Service Commission. In response, the FAA submitted a copy of the administrative file upon which the removal was based, which the Appeals Authority transmitted to the plaintiff for comment. In his reply, the plaintiff made various factual allegations and arguments, including the claim that "during similar inspections of TACAN facilities, such parameters are often found to be either out of tolerance or not causing an alarm.” The plaintiff also submitted an affidavit denying that he had soldered or admitted soldering the two jumpers. The plaintiff did not request a hearing, to which both the FAA and the Appeals Authority had informed him he was entitled.
The FAA then submitted to the Appeals Authority four additional affidavits responding to the plaintiffs factual contentions. The plaintiff filed a seven-page single-spaced typewritten response to those affidavits.
The hearing officer, acting for the Appeals Authority, affirmed plaintiffs removal. The hearing officer held that the preponderance of credible evidence supported Specification 1 and six of the seven items in Specification 2 of Reason 1, and both specifications of Reason 2. He further held that the FAA had not violated any of the governing procedural regulations in effecting the dismissal and that the remedy of dismissal was valid. The hearing officer concluded that "the agency’s decision to remove the appellant was not *757 arbitrary, capricious, or unreasonable, or improper, but was for such cause as will promote the efficiency of the service.”
II.
Our role in reviewing civilian personnel actions is limited to determining whether the administrative decision is supported by substantial evidence, whether it was arbitrary and capricious, and whether it was made in accordance with governing substantive and procedural requirements. Peters v. United States, 187 Ct. Cl. 63, 78, 408 F.2d 719, 727 (1969); Morelli v. United States, 177 Ct. Cl. 848, 858 (1966). On the record in this case, we cannot say that either the decision of the FAA to remove the plaintiff or the affir-mance of that removal by the Appeals Authority violated any of those standards.
A. The plaintiff contends that the decision of the FAA that he committed the offenses charged was arbitrary and capricious and not supported by substantial evidence. With respect to the six items involving the deficiencies in performance parameters, the plaintiff does not deny that the defects existed. He claims, however, that a month earlier he made an inspection and that there were no defects and therefore that the FAA was not justified in finding that he failed to carry out his responsibility of maintaining the TACAN in a safe condition.
Experts on this subject, however, gave affidavits that refuted this contention. One expert stated that of the 12 facilities with the same equipment that Scurry had that were inspected in 1977, 10 had no out-of-tolerance condition, one had one, and only Scurry had seven, which "would indicate that the proper preventive maintenance was not being performed at Scurry.” Plaintiffs supervisor stated that the TACAN was "not subject to slipping out of tolerance in a one-month period” and that although the equipment is "highly complex, it is not prone to going out of tolerance and failure unless it is not timely and competently maintained by the technician responsible for the facility’s safe operation.” The record indicates that these defects in the parameters could have caused safety hazards for aircraft using the Scurry TACAN. Plaintiff was the techni *758 cian in charge of maintaining TACAN in a safe condition, and the FAA was amply justified in concluding that he had failed properly to perform his duties.
There was a conflict in the evidence regarding Specification 1 of Reason 1. Two persons stated in affidavits that the plaintiff had stated that he had placed the jumpers that were found on the TACAN; plaintiff later denied having done so. The jumpers also created a safety hazard. We cannot say that the FAA acted arbitrarily or capriciously in accepting the two affidavits and rejecting plaintiffs subsequent contrary statement.
Finally, plaintiff does not deny that he twice failed the TACAN certification concepts examination, the charge in Reason 2. Plaintiff had 6 years of prior experience with the TACAN. Prior to taking the examination, plaintiff was given approximately 100 hours of concentrated, personalized instruction by a qualified instructor. He nevertheless failed both examinations by a wide margin; although the passing grade was 70, he scored only 39 and 58. His double failure of the examinations justified the FAA in concluding that he failed to maintain adequate technical knowledge of the equipment for the maintenance of which he was responsible.
In sum, the FAA was fully warranted in sustaining the charges against the plaintiff.
B. The plaintiff challenges the procedures the FAA and the Appeals Authority followed in dismissing him.
1. Plaintiff contends the specifications in the Notice of Proposed Removal were not sufficiently specific and detailed to enable him to understand the charges against him and to prepare his defense. The specifications, however, stated the precise charges against the plaintiff in considerable detail. The fact that plaintiff did not seek amplification of the specifications and was able to prepare a detailed answer to them confirms that they were sufficiently detailed.
2. Plaintiff next argues that because the FAA filed additional affidavits with the Appeals Authority, he was not shown all the evidence upon which the charges were based, as the regulations require. Plaintiff has not demonstrated, however, that the FAA based the charges or its *759 decision on any of the additional material. As the Appeals Authority pointed out: "The regulations do not require that the agency include all the material it could have used to document the conduct charged.” (Emphasis in original.)
3. The plaintiff also contends that the Appeals Authority denied him the hearing to which he was entitled when it received the additional affidavits from the FAA after he had waived his right to a hearing. He asserts that he made the waiver before such submission and on the assumption that the Appeals Authority would consider only the material that the FAA previously had furnished. The FAA submitted the additional affidavits only in response to the plaintiffs further factual allegations, which the plaintiff had filed with the Appeals Authority after the original papers upon which the FAA had based its decision had been given to the Appeals Authority. After the FAA filed the four additional affidavits, plaintiff did not request the agency to grant him a hearing despite the waiver because of the additional material submitted. Instead he filed a written detailed response to the new affidavits. The plaintiff was not denied his right to a hearing.
C. Finally, the plaintiff contends that the penalty of dismissal was too drastic for the violations found. It is the rare case, however, in which we have concluded that the penalty was so harsh and disproportionate to the offense that we were justified in overturning it. Cf. Jones v. United States, 223 Ct. Cl. 138, 142-47, 617 F.2d 233, 236-38 (1980). In the present case the FAA did not abuse its broad discretion to select an appropriate penalty in concluding that the serious deficiencies in plaintiffs performance of his duties and his lack of adequate technical knowledge of the equipment he was in charge of maintaining, involving hazard to air safety, called for his removal from the agency.
The plaintiffs motion for summary judgment is denied, the defendant’s motion for summary judgment is granted, and the petition is dismissed.